IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALMIRALL, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>TORRENT PHARMACEUTICALS, LTD.,<br><br>  Defendant. | C.A. No. 20-1373-LPS |

## MEMORANDUM ORDER

**WHEREAS**, Plaintiff Almirall, LLC ("Almirall") sued Defendant Torrent Pharmaceuticals, Ltd. ("Torrent") in this Court on October 9, 2020 (*see generally* D.I. 1);

**WHEREAS**, after answering the complaint (*see* D.I. 9), Torrent moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) (*see* D.I. 17);

**WHEREAS**, the Court granted Torrent's motion (*see* D.I. 50, 51);

**WHEREAS**, the Court continues to believe that, based on the then-operative pleadings and the arguments that Almirall made or chose not to make, Torrent's motion was meritorious;

**WHEREAS**, Almirall subsequently moved for leave to amend its complaint (D.I. 53); and

**WHEREAS**, the Court has considered full letter briefing on Almirall's motion for leave to amend (*see generally* D.I. 54, 59, 61);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that: (i) Almirall's motion for leave to amend (D.I. 53) is **GRANTED**; (ii) Almirall may file its proposed amended complaint (D.I. 53-1) no later than **September 10, 2021**; and (iii) Almirall shall pay Torrent's reasonable

fees and costs incurred in connection with Torrent's motion for judgment on the pleadings (D.I. 17).

1. Almirall sought its proposed amendment before the relevant deadline in the governing scheduling order. (*See* D.I. 23 ¶ 2) Under Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave" to amend "when justice so requires." Having reviewed the proposed amended complaint, the Court cannot say that Almirall's proposed amendment is necessarily futile. The amended complaint contains substantial new allegations regarding the asserted patent's prosecution history, which may make this case one in which it is appropriate to have further proceedings before resolving the question of prosecution history estoppel. (*See* D.I. 50 at 10-11) ("[T]he Court may choose in any particular Hatch-Waxman case (and likely the vast majority of them) to evaluate prosecution history estoppel at trial, as the Court will usually make a better decision when it has a full evidentiary record and the opportunity to consider at length all aspects of the parties' disputes.") Accordingly, the Court concludes that prompt amendment is in the interest of justice so that this case may proceed toward a decision on the merits.

2. Almirall's proposed amendment does not, however, absolve it of responsibility for the tortuous procedures that led to this point. As Torrent rightfully points out, "Torrent invested substantial money and effort moving for judgment on the pleadings on Almirall's original complaint and the Court spent considerable time deciding Torrent's motion." (D.I. 59 at 1) Almirall could have prevented that loss of time (and Torrent's money) by including all relevant factual allegations in its original complaint, by moving to amend before the Court decided Torrent's motion, or, at a minimum, by raising its arguments regarding prosecution

history estoppel in its opposition brief.  (*See* D.I. 50 at 14) (noting Almirall's "failure . . . to meaningfully address the merits of [Torrent]'s motion in its brief")  Almirall's failure to pursue any of those courses of action led to the Court's decision on the issue of prosecution history estoppel without the benefit of Almirall's identification of potentially pertinent portions of the prosecution history.  (*See id.* at 10) ("It is entirely appropriate for Torrent to highlight what it contends are the most relevant portions of the prosecution history.  The failing is on Almirall's part, which did not direct the Court's attention to any other portions of the prosecution history from which the Court could reach the conclusion that Almirall prefers.")  Almirall's deficient response to the motion for judgment on the pleadings is even more inexplicable in light of the new contentions it has raised in its amended complaint.  Almirall has litigated the patent-in-suit in numerous other cases and could have presented its new allegations much earlier in this case.  Almirall's litigation tactics resulted in the substantial delay of this case and the unusual consequence of Torrent having to continue to litigate a case in which it has already prevailed on a motion for judgment on the pleadings.  It is appropriate to require Almirall to bear the fees and costs associated with that delay.

**IT IS FURTHER ORDERED** that: (i) Torrent shall provide an accounting of its reasonable fees and costs incurred in connection with its motion for judgment on the pleadings (D.I. 17) no later than September 14, and (ii) the parties shall submit a joint status report no later than September 21.

September 3, 2021  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE